UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS O' SULLIVAN,

                              Plaintiff,

                                                    9:10-CV-0440
v.                                                  (LEK/GHL)

BRIAN FISCHER,

                              Defendant.
_____

APPEARANCES:                              OF COUNSEL:

THOMAS O'SULLIVAN, 84-A-5372
Plaintiff *pro se*
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

HON. ERIC T. SCHNEIDERMAN          RICHARD LOMBARDO, ESQ.
Attorney General for the State of New York
Counsel for Defendant
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

     This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn,

Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Currently pending before the Court is Defendant's motion to dismiss for failure to state a claim

pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 12.)  Plaintiff has not opposed

the motion.  For the reasons that follow, I recommend that Defendant's motion be granted.

## I.      BACKGROUND

Plaintiff, an inmate at Elmira Correctional Facility, filed a complaint in this Court on April 15, 2010, against Brian Fischer, the Commissioner of the New York Department of Corrections and Community Supervision ("DOCCS").  (Dkt. No. 1.)  The section of the complaint titled "Facts" states, in full:

> I was adjudicated guilty of assaulting another inmate and sentenced to serve 20 months confinement to a special housing unit.  After losing my administrative appeal I filed an Article 78 petition, following which the defendant administratively reversed the guilty finding.  I spent over 13 months SHU confinement by that time of my release.

(Dkt. No. 1 at 4.)  Plaintiff asserts three causes of action: (1) denial of due process; (2) malicious prosecution; and (3) unlawful imprisonment.  *Id.* at 5.  Plaintiff requests $500,000 in damages. *Id*. at 6.

Defendant now moves to dismiss the complaint, arguing that (1) the complaint fails to state a cause of action under 42 U.S.C. § 1983; (2) the complaint fails to allege any personal involvement by Defendant; (3) Defendant is entitled to qualified immunity; (4) Plaintiff's state law claims are not cognizable under § 1983 and are barred by the Eleventh Amendment and Correction Law § 24; and (5) Plaintiff's state law claims fail to state a cause of action.  (Dkt. No. 12-1.)  I will address only Defendant's second argument, as it is dispositive.

## II.     LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.  In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*,

2

"a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means

that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "Determining whether a

complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial

experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not

shown -- that the pleader is entitled to relief."  *Id.* at 1950 (internal citation and punctuation

omitted).

     "In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the

material facts alleged in the complaint as true and construe all reasonable inferences in the

plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

Courts are "obligated to construe a *pro se* complaint liberally."  *Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct.

at 1949.

## III.  ANALYSIS

     Defendant argues that the complaint should be dismissed because it fails to allege

Defendant's personal involvement in any constitutional violation.  (Dkt. No. 12-1 at 4-8.)

Defendant is correct.

Under Second Circuit precedent, "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  In order to prevail on a § 1983 cause of action against an individual, a plaintiff must show some tangible connection between the unlawful conduct and the defendant. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of *respondeat superior*) is insufficient to show his or her personal involvement in that unlawful conduct.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).  In other words, supervisory officials may not be held liable merely because they held a position of authority.  *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).  Rather, supervisory personnel may be considered "personally involved" if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[1]

---

[1]       In *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), the Supreme Court ruled that where the underlying constitutional claim is a claim of intentional discrimination, a supervisory official's liability must be judged by the official's purpose rather than the official's knowledge of subordinates' actions or policies.  The Second Circuit has not yet issued a decision discussing *Iqbal*'s effect on the *Colon* categories.  Several district courts in the Second Circuit have determined that *Iqbal* nullified some of the *Colon* categories.  *See Sash v. United States*, 674 F. Supp. 2d 531, 543-44 (S.D.N.Y. 2009) (collecting cases).  I will assume for

Here, although he does not explicitly say so, Plaintiff apparently alleges that he should not have been found guilty of assaulting another inmate.  (Dkt. No. 1 at 4.)  He does not allege that Defendant played any role in that decision.  *Id*.  Rather, he alleges that Defendant "administratively reversed the guilty finding."  *Id*.  Even if Plaintiff alleged that Defendant had *affirmed* the decision, it would be insufficient to find that Defendant was personally involved. *Abdur-Raheem v. Selsky*, 598 F. Supp. 2d 367, 370 (W.D.N.Y. 2009); *Woodward v. Mullah*, No. 08-CV-463A, 2009 WL 4730309, at *2-3 (W.D.N.Y. Dec. 7, 2009).[2]  Although the Second Circuit once held that allegations that a superintendent affirmed a prisoner's conviction on administrative appeal were sufficient to allow the case to survive summary judgment[3], district courts in this Circuit have often distinguished that case by noting that liability only attaches if the supervisory official "proactively participated in reviewing the administrative appeals as opposed to merely rubber-stamping the results."  *Woodward,* 2009 WL 4730309, at *3.  Here, the complaint does not allege any facts plausibly suggesting that Defendant proactively participated in the administrative appeal that preceded Plaintiff's Article 78 proceeding.  Therefore, I recommend that the Court grant Defendant's motion to dismiss.[4]

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not

---

the purposes of this motion that *Colon* remains good law.

[2]    The Court will provide Plaintiff with a copy of this unpublished decision in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

[3]    *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

[4]    Because I recommend dismissal of Plaintiff's federal claim, I recommend that the Court decline to exercise jurisdiction over Plaintiff's state law claims.

5

dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).  Of course, an opportunity to amend is not required where the plaintiff has already amended the complaint.  *See Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once).  In addition, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco*, 222 F.3d at 112 (citation omitted).  Here, Plaintiff has not previously amended his complaint and it is possible that he could cure the defects in the pleading by naming different defendants or alleging more facts about Defendant's involvement. Therefore, I recommend that the Court grant Plaintiff leave to amend within thirty days of any order adopting this Report-Recommendation.

      **ACCORDINGLY**, it is

      **RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 12) be **GRANTED** with leave to amend within thirty days of any Order adopting this Report-Recommendation; and it is further

      **ORDERED** that the Clerk provide Plaintiff with a copy of *Woodward v. Mullah*, No. 08-CV-463A, 2009 WL 4730309 (W.D.N.Y. Dec. 7, 2009) in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

      Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a).


Dated: August 15, 2011
      Syracuse, New York

                                   George H. Lowe
                                   United States Magistrate Judge